IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ULYSSES GISSENDANNER,<br>                                 Plaintiff,<br>v.<br>GEICO INSURANCE COMPANY,<br>                                 Defendant. | Case No. 07 C 7105<br><br>JUDGE GETTLEMAN<br><br>MAGISTRATE JUDGE KEYS |

**Plaintiff's Motion For Extension of Time to Serve Summons and Complaint**

Plaintiff, Ulysses Gissendanner, by and through his attorneys, Deanne S. Medina and Karen J. Doran of DoranMedina, LLC, for his motion for extension of time to serve summons and complaint, alleges and states as follows:

1.    Plaintiff filed his complaint in this Court on December 18, 2007.

2.    According to the Federal Rules of Civil Procedure, Plaintiff's complaint should have been served on Defendant on or around April 17, 2008.

3.    Prior to this litigation, Plaintiff's former attorneys were engaged in lengthy negotiations with Defendant's corporate counsel but were unable to reach resolution.

4.    Because Plaintiff's new counsel was aware of these discussions and was aware who corporate counsel was, she sent a waiver of service of summons to Defendant's corporate counsel on December 20, 2008.  (Exhibit 1).

5.    Plaintiff's counsel waited the 30 days for return of the waiver but never received it.

6.    On January 29, 2008, Plaintiff's counsel phoned Defendant's counsel and left a message on her voicemail inquiring as to whether she was going to return the waiver of service of summons.

7.    Defendant's counsel never responded to Plaintiff's counsel's voicemail.

8. About three weeks later, Plaintiff's counsel again attempted to contact Defendant's counsel but again was unable to reach her and once again, Defendant's counsel never responded.

9. Plaintiff's counsel, realizing that she would now need to have a summons issued, began researching the registered agent for Defendant.

10. Plaintiff's counsel was unable to find the registered agent. Having never sued an insurance company before, Plaintiff's counsel was not aware, until she did research and spoke with several colleagues, that insurance companies are registered with the Department of Insurance with the state and that the Department of Insurance could serve the summons and complaint on Plaintiff's behalf.

11. On March 13, 2008, Plaintiff's counsel had a summons issued by the District Court and attempted to give it and the complaint to the IL Department of Insurance that same day, only to be told by one of its representatives that they could not accept it as it needed a different name on it, such as a subsidiary. (Exhibit 2).

12. Plaintiff's counsel then contacted Plaintiff to try and ascertain as to whether he worked for a subsidiary of Defendant but all of Plaintiff's records indicated that he worked for the entity that Plaintiff's counsel was trying to serve.

13. Plaintiff's counsel did further research by looking through the numerous documents she had received from Plaintiff's former counsel but all of those documents had the same name as the entity she was trying to serve.

14. Frustrated, Plaintiff's counsel again returned to the Dept of Insurance on April 7, 2008 to try and have them serve the summons and complaint.

15. At that time, Plaintiff's counsel spoke with a different representative who accepted the summons and complaint for service. (Exhibit 2).

16.     However, on or around Tuesday, April 15, 2008, Plaintiff received the summons and complaint in the mail from the Department of Insurance stating that "[t]here is no record of company by this name." It went on to list the possible companies that Defendant could be named. (Exhibit 3).

17.     Because Plaintiff's counsel's practice is in Oak Brook, she will not be able to get downtown until Wednesday, April 23, 2008 to get a new summons issued and to return to the Department of Insurance to try and have them serve the complaint.

18.     Plaintiff's counsel is not aware of how long it will take the IL Department of Insurance to serve the summons and complaint on the Defendant.

19.     WHEREFORE, Plaintiff Ulysses Gissendanner respectfully requests that this Honorable Court GRANT his motion to extend the time for service of the summons and complaint for an additional 60 days or until June 22, 2008.

Respectfully submitted,

s/Deanne S. Medina

Deanne S. Medina
Atty No.  6273485
DoranMedina, LLC
2625 Butterfield Road
Suite 138S
Oak Brook, IL 60325
(630)368-0200 (p)
(630)368-0202 (f)
dmedina@doranmedina.com