IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ULYSSES GISSENDANNER,

          Plaintiff,      Case No. 07 CV 7105

v.

                          Judge Robert W. Gettleman

GEICO INSURANCE CO.,

          Defendant.

**Initial Joint Status Report**

Plaintiff, Ulysses Gissendanner, by and through his attorneys, Deanne S. Medina and Karen J. Doran of DoranMedina, LLC, and Defendant, Government Employees Insurance Co. ("GEICO"), by and through its attorneys, Anneliese Wermuth and Kristen A. Weisse of Meckler, Bulger Tilson Marick & Pearson, LLP, inform the court of the following:

    A.    This court has not set a date nor time for a status report.

    B.    The attorneys of record for the parties are as follows:

        Plaintiff: Karen J. Doran and Deanne S. Medina of DoranMedina, LLC, both of whom will try the case.

        Defendant: Anneliese Wermuth and Kristen A. Weisse of Meckler Bulger Tilson Marick & Pearson, LLP, both of whom will try the case

    C.    Plaintiff alleges that federal jurisdiction is based on 28 U.S.C. § 1331.

    D.    Plaintiff has demanded a jury trial.

    E.    Plaintiff alleges that Defendant fired him in violation of the Family and Medical Leave Act ("FMLA") and failed to pay him overtime wages owed to him in violation of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. There are no counterclaims.

    F.    Plaintiff is seeking back pay damages, including interest, liquidated and punitive damages and attorney's fees.

    G.    All parties have been served.

    H.    Whether Defendant interfered with Plaintiff's rights under the FMLA when he was on leave and when it fired him.

I.      Plaintiff's position on the factual issues is that he was employed as an insurance adjuster for GEICO Insurance Co. from September 9, 2003 to May 10, 2006. During that time, he earned a salary increase, was promoted from field adjuster to shop/express adjuster and received above-average performance appraisals from his supervisors. In or around May, 2004 when he was promoted, he began working 50 to 65 hours a week in order to handle all of the claims assigned to him. After several months of this, Chris complained to Defendant about his heavy workload and also complained that GEICO was not paying him time-and-a-half for overtime. Notwithstanding his complaints, Defendant did not reduce his workload or pay him time-and-a-half for overtime. In or around September or October, 2005 Chris informed his supervisor that he was going to join a pending class action overtime case against GEICO by some of its employees. In or around November, 2005 Chris informed his boss that he was experiencing stress and depression related to his job and requested time off. His supervisor informed him that he would be fired if he took a leave of absence. Nevertheless, on December 29, 2005 Chris requested one month of sick leave and GEICO's human resources department granted that leave to begin the following month. The next day, December 30, 2005 Chris's boss presented him with a performance improvement plan. Though he was on Family and Medical Leave the first week of January, 2006, he nevertheless was required to come into work to settle some issues. GEICO did not compensate Chris for that time. Upon information and belief, prior to Chris requesting time off, his annual salary increase had been approved; while on leave Chris's boss denied him this raise. On March 20, 2006, Chris returned to work as his doctor had released him to work part-time. Despite this restriction, GEICO placed Chris on a full-time schedule, which he worked. On May 5, 2006 Chris's supervisor complained to him about his performance and informed him that he was on a final warning. On May 10, 2006, Chris spoke with his boss and requested a personal day to care for his ailing sister. His supervisor approved the day off. Later that day Chris's boss and his boss arrived at his home with a police escort and confiscated his work computer, credit cards, cell phone, and car, informing Chris that he was fired.

> GEICO's position on the factual issues:  Plaintiff worked as an insurance adjuster for GEICO but was never promoted.  To the contrary, Plaintiff's performance suffered from numerous shortcomings over the short course of his employment with GEICO.  GEICO counseled Plaintiff and attempted to work

with him on his performance deficiencies, but by the fall of 2005 it had no choice but to put Plaintiff on a Performance Improvement Plan ("PIP"). As the PIP was expiring and Plaintiff's performance had not sufficiently improved, GEICO began the process of preparing a new PIP. At the same time, Plaintiff sought and obtained FMLA leave. After returning from FMLA leave, Plaintiff's performance did not improve, and consequently, GEICO terminated Plaintiff's employment. With respect to his claims for overtime, Plaintiff never complained that he was not being paid for overtime that he had worked. In any event, Plaintiff was paid for all hours he worked.

J. GEICO anticipates filing a motion for summary judgment after the close of discovery.

K. GEICO served interrogatories, requests for production, and a deposition notice on Plaintiff on August 19, 2008. Plaintiff has not served discovery on Defendant.

Plaintiff anticipates taking 4-5 depositions; Defendant anticipates taking 2-3 depositions.

No experts on liability issues are anticipated.

The parties will exchang Fed. R. Civ. P. 26(a) disclosures by September 19, 2008.

Fact discovery closed December 22, 2008.

L. The earliest the parties anticipate being ready for trial is March 2, 2009. The parties anticipate trial will last 3-5 days.

M. Settlement has been attempted in this case. A settlement conference is not appropriate at this time.

N. The parties do not consent to trial before a magistrate judge.

Respectfully submitted,

s/Deanne S. Medina
One of the Attorneys for Plaintiff

Deanne S. Medina
Atty. No. 6273485
DoranMedina, LLC
2625 Butterfield Road, Suite 138S

s/Anneliese Wermuth
One of the Attorneys for Defendant

Anneliese Wermuth
Atty No. 6270970
Meckler Bulger Tilson Marick & Pearson, LLP

Oak Brook, IL 60523
Telephone: 630/368-0200
Fax: 630/368-0202
E-mail: dmedina@doranmedina.com

123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312/474-7900
Fax: 312/474-7898
Email: anna.wermuth@mbtlaw.com

S:\Clients\Gissendanner\Pleadings\joint status report red aw.wpd.doc